UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOSEPH LEE COLLINS #000858088/546662 | CIVIL ACTION NO. 19-cv-1108 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTI ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Joseph Lee Collins ("Plaintiff") is a self-represented inmate who filed this civil action against authorities at the David Wade Correctional Center based on allegations that they failed to protect him from an attack by a fellow inmate. The original complaint was filed in the Middle District of Louisiana in July 2019, and venue was soon transferred to this court. Plaintiff has since been ordered to submit his pleadings on approved forms, and he has filed at least two amendments to his complaint and has submitted several other filings.

Defendants filed a Motion to Dismiss Pursuant to FRCP Rule 12(b)(5) (Doc. 49) on the grounds that service was not made within the 90-day period allowed by Fed. R. Civ. Pro. 4(m). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

"Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013).

Dismissal is not warranted because any delay is the result of the court taking the time to carefully screen the case, as it does with all prisoner cases. This case is still under review, after which the court will decide whether to (1) dismiss it without serving any defendant or (2) direct Plaintiff to submit papers to be served on the defendants. Plaintiffs whose cases are assigned to Section P are not allowed to make service; they must wait for the court to order the marshal to make service. Defendants fault Plaintiff for not making a request for service, but any such request would have been denied until the court's review process is completed. Good cause for extending the time to make service is present, and a plaintiff may not be penalized when a service delay is attributable to the court or marshal. Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir.1996); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

The record shows that Plaintiff has actively pursued this litigation. All delay is attributable to the court's internal review and screening process. After consideration of the relevant circumstances, the undersigned finds that there is good cause to excuse the delay in making service. Defendants' **Motion to Dismiss Pursuant to FRCP Rule 12(b)(5) (Doc. 49)** is denied. Defendants need not respond to this litigation until such time as they are served.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of March, 2021.

Mark L. Hornsby
U.S. Magistrate Judge