UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOSEPH LEE COLLINS** | **CIVIL ACTION NO. 19-1108-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Joseph Lee Collins, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 22, 2019. He claims prison officials violated his civil rights while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Warden Jerry Goodwin, Chris Evans, Seth Sherman, David Wade Correctional Center, and the Louisiana Department of Public Safety and Corrections as defendants.

Plaintiff was housed in the N5 Protection Unit at David Wade Correctional Center. He claims that on the morning of July 16, 2018, David Wade Correctional Center failed to protect him while he slept in his bed. He claims another inmate was allowed out of his cell early and that inmate threw a liquid substance in his eyes. Plaintiff presumes the liquid

substance was a mixture of chemicals and bodily fluids. He claims he suffered inflammation and/or irritation as a result of the attack. Plaintiff sought medical attention.

Plaintiff claims that at the time of the attack, all inmates were supposed to be secured and locked in their cells. He claims he was never able to confirm the identity of the inmate that assaulted him because the incident was not investigated.

Plaintiff claims he made multiple requests for transfers and relief in the administrative remedy procedure because there were problems on the tier.

Plaintiff claims that during a later scheduled eye examination, it was noted that he had a slight decrease of vision. He claims the optometrist stated that he needed a slight prescription. He claims that during a subsequent trip to Elayn Hunt Correctional Center he could not read line 5 which is required for 20/20 vision.

Accordingly, Plaintiff seeks nominal damages, punitive damages, compensatory damages, and injunctive relief.

For the reasons that follow, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged inmate violence is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

"It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." Farmer, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety. Id. at 1977-78. The test for deliberate indifference is a subjective one. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that he was personally subject to an excessive risk of attack, nor does he allege prison officials were aware of any excessive risk posed him by the attacking inmate prior to the actual attack. Plaintiff admits that he does not know who attacked him. It is further noted that Plaintiff was housed in a protection unit. As such, Plaintiff has not shown that Defendants disregarded a risk to his safety by failing to take reasonable measures to abate it. Farmer, 114 S.Ct. 1970. Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

The court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of October, 2021.

Mark L. Hornsby
U.S. Magistrate Judge